UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------------X
JOSE OSCAR CALDERON and PEDRO
LOPEZ, individually and on behalf of all other
persons similarly situated,

           Plaintiffs,    MEMORANDUM
                     OPINION AND ORDER

      -against-           CV 11-6278 (LDW)(ETB)

KING UMBERTO, INC.; PIETRO
FUSCHETTO; and ROSARIO FUSCHETTO;
jointly and severally,

           Defendants.
----------------------------------------------------------------------------X

   Before the court is the plaintiffs' motion to conditionally authorize a collective action, pursuant to Section 216 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. Plaintiffs also request an order directing the defendants to furnish the names, last known addresses, telephone numbers and dates of employment of the putative plaintiffs, as well as authorization to post and circulate a Notice of Collective Action and Consent to Become a Party Plaintiff form to similarly situated individuals. Defendants oppose plaintiffs' motion on the grounds that plaintiffs have failed to demonstrate that the potential class members are similarly situated and that plaintiffs' claims are barred by a prior action brought against defendants by the Secretary of Labor. Defendants also challenge the proposed Notice of Collective Action submitted by plaintiffs. For the following reasons, plaintiffs' motion is granted, subject to the limitations discussed below.

FACTS

Plaintiffs, Jose Oscar Calderon ("Calderon") and Pedro Lopez ("Lopez"), are former employees of defendant King Umberto, Inc. ("King Umberto"), which operated restaurants in Elmont, New York and is controlled and/or owned by the individual defendants, Pietro Fuschetto and Rosario Fuschetto. (Compl. ¶¶ 16-19.) Calderon was employed by defendants as a dishwasher in their restaurants from June 2002 to April 10, 2011. (Compl. ¶ 18.) Lopez was employed by defendants as a cook in their restaurants from June 2006 to April 10, 2011. (Compl. ¶ 19.)

Plaintiffs allege that they were denied overtime pay for hours worked in excess of forty hours per week. (Compl. ¶¶ 20, 24.) Plaintiffs allege that they worked more than forty hours per week during the course of their employment, typically working six days per week for between twelve and fourteen hours per day, frequently without any meal breaks. (Compl. ¶ 20; Calderon Aff. ¶ 3; Lopez Aff. ¶ 3.) Plaintiffs allege that they were not compensated at a rate of one and one-half times their regular pay rate for those hours worked in excess of forty, as required by law. (Compl. ¶¶ 30-31.) Plaintiffs further allege that other similarly situated employees have been unlawfully denied overtime compensation as well. (Compl. ¶¶ 21, 30-31.)

Plaintiffs bring this action pursuant to the FLSA, alleging that defendants' failure to pay them for their overtime hours violates Section 207 of that Act, as well as the New York Labor Law, 12 N.Y.C.R.R. § 137. Plaintiffs also allege that defendants failed to pay them minimum wage, in violation of the FLSA, 29 U.S.C. § 206, and New York Labor Law § 652.

Plaintiffs now seek conditional authorization to proceed as a collective action, pursuant to FLSA § 216, as well as permission to post and circulate their proposed Notice of Collective

Action and Consent to Become a Party Plaintiff form to former and current employees of defendants for the three years prior to the commencement of this action so that such similarly situated employees may be apprised of the within action and opt to join the litigation, if they so choose.

DISCUSSION

I.   Conditional Certification

Section 216(b) of the FLSA provides a private right of action to recover unpaid overtime compensation "against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b).  An employee cannot become a party to such an action, however, unless he or she provides consent, in writing, and such consent is filed in the court where the action is pending.  See id.; see also Patton v. Thomson Corp., 364 F. Supp. 2d 263, 266 (E.D.N.Y. 2005) ("[O]ther employees can become plaintiffs, and thereby be bound by the action's determination, only by affirmatively acting to do so.").  Courts have discretion to authorize sending notice to potential plaintiffs in a collective action.  See Sobczak v. AWL Indus., Inc., 540 F. Supp. 2d 354, 362 (E.D.N.Y. 2007) (citation omitted).

The "threshold issue" in deciding whether to authorize class notice in an FLSA action is whether plaintiffs have demonstrated that the potential class members are "similarly situated." Patton, 364 F. Supp. 2d at 266-67 (citing Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 261 (S.D.N.Y. 1997)); see also Sobczak, 540 F. Supp. 2d at 362 (citing cases).  Although the term "similarly situated" is not defined in the FLSA or its implementing regulations, courts have

interpreted it to require plaintiffs to make "a modest factual showing sufficient to demonstrate that they and potential plaintiffs together were victims of a common policy or plan that violated the law." Sobczak, 540 F. Supp. 2d at 362 (quoting Hoffmann, 982 F. Supp. at 261) (additional citations omitted); see also Patton, 364 F. Supp. 2d at 267. "This burden 'is not a stringent one, and the Court need only reach a preliminary determination that potential plaintiffs are similarly situated.'" Patton, 364 F. Supp. 2d at 267 (quoting Hoffmann, 982 F. Supp. at 261); see also Sobczak, 540 F. Supp. 2d at 362 (stating that "[t]he burden at this initial stage is minimal"). A named plaintiff is not required to show "an actual FLSA violation" at this stage, but rather only that "a 'factual nexus' exists between the plaintiff's situation and the situation of other potential plaintiffs." Sobczak, 540 F. Supp. 2d at 362 (quoting Wraga v. Marble Lite Inc., No. 05 Civ. 5038, 2006 U.S. Dist. LEXIS 60457, 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006)); see also Jackson v. N.Y. Telephone Co., 163 F.R.D. 429, 431 (S.D.N.Y. 1995) (stating that "plaintiffs are only required to demonstrate a factual nexus that supports a finding that potential plaintiffs were subjected to a common discriminatory scheme").

Defendants assert that the affidavits offered by the plaintiffs are insufficient to establish the required factual nexus here because they contain conclusory allegations. (Def. Mem. of Law in Opp'n 6-7.) This arguments is without merit and has been explicitly rejected by other courts to consider the issue. See, e.g., Sobczak, 540 F. Supp. 2d at 363 (stating that "[d]efendants' argument that the [plaintiffs'] affidavits are insufficient to satisfy the burden for a notice to be sent because they present mere conclusory allegations is inaccurate"). "[C]ourts regularly grant motions for approval of a collective action notice based upon employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly

situated employees." Id. at 362 (quotation and internal quotation marks omitted); see also Cano v. Four M Food Corp, No. 08-CV-3005, 2009 U.S. Dist. LEXIS 7780, at *17 (E.D.N.Y. Feb. 3, 2009) (finding that plaintiffs' affidavits containing "statements setting forth defendants' common denial of overtime pay, the named plaintiffs' personal knowledge of and the names of other co-workers who were allegedly subject to the same denial of overtime pay" demonstrated a "sufficient factual basis" that the named plaintiffs and the potential plaintiffs were similarly situated); Wraga, 2006 WL 2443554, at *2 (granting motion to certify collective action based on plaintiff's affidavit alleging failure to pay overtime for hours worked in excess of forty where plaintiff stated that he was aware, based on personal conversations, of at least eighteen other employees who were similarly situated); Gjurovich v. Emmanuel's Marketplace, Inc., 282 F. Supp. 2d 91, 96 (S.D.N.Y. 2003) (granting conditional certification where plaintiff's declaration "identified by name a number of current or former . . . employees who held the same or similar positions as the Plaintiff . . . who, like Plaintiff, were paid a fixed weekly salary, and may not have received overtime compensation if he or se worked in excess of forty hours each week"). Plaintiffs' affidavits in support of their motion herein meet this "lenient evidentiary standard." Malena v. Victoria's Secret Direct, LLC, No. 09 Civ. 5849, 2010 U.S. Dist. LEXIS 121320, at *9 (S.D.N.Y. Nov. 16, 2010) (quoting Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 58 (S.D.N.Y. 2009)).

Nor is it relevant that other current or former employees of defendants have yet to join this action. The lack of other opt-in plaintiffs at this stage of the litigation "does not make notice inappropriate." Pefanis v. Westway Diner, Inc., No. 08 Civ. 002, 2008 U.S. Dist. LEXIS 81082, at *3 (S.D.N.Y. Oct. 8, 2008). "Current employees may hesitate to join a lawsuit against their

employer for many reasons, such as fear of retaliation." Id. at *4 (citing Amendola v. Bristol-Meyers Squibb Co., 558 F. Supp. 2d 459, 466 (S.D.N.Y. 2008). "Given the 'broad remedial purpose of the [FLSA], which should be given a liberal construction,' . . . FLSA plaintiffs are not required to show that putative members of the collective action are interested in the lawsuit in order to obtain authorization for notice of the collective action to be sent to potential plaintiffs." Id. (quoting Braunstein v. E. Photographic Labs, Inc., 600 F.2d 335, 335 (2d Cir. 1978)).

Based on the foregoing, the Court finds that plaintiffs have satisfied their modest burden of demonstrating that the class of potential plaintiffs is similarly situated.

II. The Secretary of Labor's Prior Lawsuit

"The FLSA explicitly creates two distinct mechanisms for vindicating the rights it confers on wage earners: a private lawsuit and a public lawsuit." Glowacka v. Zablocki Indus., Inc., No. CV 05-4878, 2006 U.S. Dist. LEXIS 72343, at *8 (E.D.N.Y. Apr. 13, 2006). Section 216(b) of the FLSA allows individual employees to bring private lawsuits on behalf of themselves, and "other employees similarly situated," for violations of the FLSA's minimum wage and overtime provisions. 29 U.S.C. § 216(b). As noted above, individual employees must affirmatively opt in to such a private action by consenting to join it as a plaintiff. See id.

Alternatively, the Secretary of Labor is also permitted to institute a suit against an employer "to recover 'the amount of unpaid minimum wages or overtime compensation and an equal amount as liquidated damages' or to restrain further delay in the payment of unpaid minimum wages or overtime compensation." Glowacka, 2006 U.S. Dist. LEXIS 72343, at *9 (quoting 29 U.S.C. §§ 216(b), 217). "Individual employees do not have to consent to such a

suit." Glowacka, 2006 U.S. Dist. LEXIS 72343, at *9 (citing Donovan v. Univ. of Texas, 643 F.2d 1201, 1206 (5th Cir. 1981)). However, "an individual employee's right to bring an action pursuant to § 216(b) terminates once that employee is named in a complaint filed by the Secretary of Labor pursuant to § 216(c) or § 217." Glowacka, 2006 U.S. Dist. LEXIS 72343, at *9 (citing 29 U.S.C. § 216(b)-(c)) (additional citation omitted); see also Donovan, 643 F.2d at 1204 (noting that the filing of a suit by the Secretary of Labor under the FLSA "terminates the right of any employees to become party plaintiffs pursuant to a § 16(b) action").

Defendants argue that the plaintiffs' claims in the within action are barred as a result of a former lawsuit brought by the Secretary of Labor (the "Secretary") against defendants King Umberto and Rosario Fuschetto on April 18, 2011, alleging violations of the FLSA from March 29, 2008 through March 27, 2010.[1] See Solis v. King Umberto, Inc., CV 11-1902 (E.D.N.Y.). A consent judgment was entered into by the parties to that action on April 27, 2011. Annexed to the consent judgment as Exhibit A is a list of the employees covered by the Secretary's action, which includes both of the named plaintiffs, Calderon and Lopez, as well as twenty other employees of defendants, some of whom are identified in plaintiffs' affidavits as coworkers

---

[1] It should be noted that plaintiffs do not dispute the black-letter law set forth above. Rather, they assert that the issue of whether plaintiffs' private right of action herein is barred by the Secretary's prior lawsuit is "irrelevant" at the conditional certification stage because "the merits of plaintiffs' claim are not at issue in a motion for conditional certification." (Pl. Reply Mem. of Law 2) (citing Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 354 (E.D.N.Y. 2008)). In support of their argument, plaintiffs cite to Robertson v. LTS Mgmt. Servs. LLC, 642 F. Supp. 2d 922 (W.D. Mo. 2008), in which the court held that defendants' argument that plaintiffs' claims were barred was better considered when the court ruled on the merits of plaintiffs' claims. See id. at 926. However, Robertson did not involve a prior lawsuit by the Secretary of Labor, but rather merely an investigation that resulted in a private settlement. See id. at 925-26. Such a factual scenario is distinguishable from the within action and the case law discussed herein.

subject to the same overtime compensation violations by defendants. Plaintiffs herein did not commence the within action until December 22, 2011, approximately nine months after the Secretary instituted hers. "Because plaintiffs' right to bring a § 216(b) claim terminated on [April 18, 2011], they cannot establish a cognizable legal theory under FLSA § 216(b) . . . ."[2] Monohan v. Emerald Performance Materials, LLC, No. C08-1511, 2009 U.S. Dist. LEXIS 33966, at *6 (W.D. Wash. Apr. 22, 2009) (dismissing plaintiffs' § 216(b) claim due to Secretary's earlier-filed enforcement action).

However, Paragraph XI of the Consent Judgment entered into in the Secretary's action specifically states as follows:

> Neither the commencement of this action nor the provisions of this Consent Judgment shall in any way affect, determine, or prejudice any and all legal rights of any employees of defendant not listed in Exhibit A of this Judgment, be they current or former employees, to file any action against defendant under section 16(b) of the [FLSA] or likewise for any current or former employees listed in Exhibit A of this Judgment to file any action against defendant under section 16(b) of the [FLSA] for any violations alleged to have occurred after 03/27/2010.

Accordingly, while plaintiffs' claims prior to March 27, 2010 are barred as a matter of law, they are entitled to pursue any claims they have against defendants from March 27, 2010 through the date of the filing of this action - December 22, 2011. This same time limitation applies to any

---

[2] A different result would ensue if plaintiffs had filed their action before the Secretary's. Where the private suit is initiated prior to the Secretary of Labor's action, there is no preclusive effect. See Donovan, 643 F.2d 1207-08 ("The right of an affected employee to commence or become a party plaintiff in a private action terminates, . . . but previously filed private litigation by employees are not affected."); Glowacka, 2006 U.S. Dist. LEXIS 72343, at *10 ("The defendants do not take the position that the Secretary's lawsuit has any preclusive effect on the private suit that the plaintiffs in this case filed first. Such an argument would in any event be precluded by the pertinent case law.").

other prospective plaintiffs that were included in the Secretary's prior action who may choose to join this action. However, any former or current employees not included in the Secretary's prior action who choose to join this action may pursue claims for the entire statutory time period. "[T]he Secretary's action terminated the private right of action only as to those . . . employees her complaint actually named, and had no effect on any other employee's rights. If there are additional aggrieved current or former employees of the defendants similarly situated to the plaintiffs in this action, they may properly opt in to the present litigation provided they act in a timely fashion." Glowacka, 2006 U.S. Dist. LEXIS 72343, at *11-12.

III.     The Notice Period

"The FLSA has a two-year statute of limitations except in the case of willful violations, for which the statute of limitations is three years." Cohen v. Gerson Lehrman Group, Inc., No. 09 CV 4352, 2010 U.S. Dist. LEXIS 1666, at *35 (S.D.N.Y. Jan. 6, 2010) (citing 29 U.S.C. § 255(a)); see also Harrington v. Educ. Mgmt. Corp., No. 02-0787, 2002 U.S. Dist. LEXIS 10966, at *5 (S.D.N.Y. June 18, 2002) ("The FLSA provides a two-year statute of limitations for claims brought under the statute, but allows an additional year for willful violations."). Plaintiffs herein request that a three-year statute of limitations be applied, extending back to December 22, 2008. Defendants' assert that a two-year limitations period is appropriate.

The Second Circuit has held that "a violation is willful for purposes of the FLSA limitations provision only if the employer knowingly violates or shows reckless disregard for the provisions of the Act." Brock v. Superior Care, Inc., 840 F.2d 1054, 1062 (2d Cir. 1988). The allegations contained in plaintiffs' Complaint concerning defendants' failure to provide their

employees with proper overtime compensation are sufficient at this preliminary stage to warrant authorizing notice for a three-year period. See Davis v. Abercrombie & Fitch Co., No. 08 Civ. 1859, 2008 U.S. Dist. LEXIS 86577, at *35 (S.D.N.Y. Oct. 22, 2008) ("[A]t this preliminary stage, plaintiffs' allegations of misclassification and compelled "off the clock" work are sufficient to warrant authorizing notice for a three-year period."). "Courts that have faced this issue routinely approve a three-year notice period." Id. (collecting cases).

Accordingly, plaintiffs' request for a three-year notice period is granted.

IV.   The Notice of Pendency

The FLSA vests the district court with broad discretion with respect to the content of the Notice of Pendency to be provided to potential class members. See Delaney v. Geisha NYC, LLC, 261 F.R.D. 55, 55 (S.D.N.Y. 2009). "Courts consider the overarching policies of the collective suit provisions' and whether the proposed notice provides 'accurate and timely notice concerning the pendency of the collective action, so that [an individual receiving the notice] can make an informed decision about whether to participate." Delaney, 261 F.R.D. at 55 (quoting Fasanelli v. Heartland Brewery, Inc., 516 F. Supp. 2d 317, 322 (S.D.N.Y. 2007)) (alteration in original).

Plaintiffs have provided the Court with a proposed Notice of Collective Action and Consent to Become a Party Plaintiff form (the "Notice"). Defendants have made several objections to the proposed Notice. Having reviewed the proposed Notice, defendants' objections, and relevant cases on this issue, the Court approves the plaintiffs' proposed Notice, with two modifications.

First, the proposed Notice states as follows: "If you return the Consent to Become a Party Plaintiff attached to this notice, you are agreeing to designate the named plaintiffs and the named plaintiffs' attorneys to make decisions on your behalf concerning this lawsuit . . . ." (Proposed Notice 3.) As defendants point out, proposed plaintiffs are not required to accept plaintiffs' counsel as their own. While another section of the proposed Notice advises prospective plaintiffs that they "have the right to retain another attorney to represent you in any FLSA claim against King Umberto," (Proposed Notice 2), as currently drafted, the proposed Notice fails to make it clear that prospective plaintiffs may still participate in this action through separate counsel. Accordingly, plaintiffs are directed to modify the proposed Notice so that potential plaintiffs are informed that, should they choose to join the within litigation, they may retain their own counsel as an alternative to plaintiffs' counsel's firm. See Soler v. G&U, Inc., 86 F.R.D. 524, 530 (S.D.N.Y. 1980) ("The workers should be informed that they may retain their own counsel . . . ."); Delaney, 261 F.R.D. at 55 ("Because the notice states that opt-in plaintiffs can select their own counsel, there is only a minimal risk that opt-in plaintiffs will be discouraged from seeking their own counsel.").

Second, defendants assert that the notice should "include language regarding the prior [Department of Labor] action and barring participation in the instant action to the extend the covered period is involved." (Def. Mem. of Law in Opp'n 12.) In response, plaintiffs argue that including such a statement "is premature because this Court has not adjudicated the effect of that prior lawsuit on this action." (Pl. Reply Mem. of Law 5-6.) The Court agrees with defendants. Since those employees subject to the Consent Judgment in the Secretary of Labor's prior action are excluded from participating in this action with respect to claims they may have for the time

period March 29, 2008 through March 27, 2010, any notice sent to such employees should adequately advise them of this fact. Accordingly, plaintiffs are directed to modify the proposed Notice to include a statement concerning the prior action brought by the Secretary of Labor and the effect of that action on the claims of those employees who are subject to the Consent Judgment entered in that action.

Defendants' also contend that the notice "should include a statement that, as 'opt-in' plaintiffs, individuals who file consents to opt-in will be subject to discovery obligations, which may include providing deposition or trial testimony under oath, responding to document requests, and/or responding to requests for information . . . [and] should . . . warn[] that they could be liable for Defendant's costs in defending the case." (Def. Mem. of Law in Opp'n 12-13.) Defendants also assert that "opt-in plaintiffs should be required to sign the form under penalty of perjury." (Def. Mem. of Law 13.) However, defendants do not offer a single case in which the form of notice they propose has been used. In fact, the exact same suggestion was recently rejected by a court in the Southern District of New York. See Delaney, 261 F.R.D. at 55 (rejecting defendants' objections to proposed notice and stating that "[d]efendants cite no other Court that has required a notice to warn opt-in plaintiffs of potential discovery obligations and liability for Defendants' costs or required plaintiffs to sign the consent form on penalty of perjury.") Moreover, the proposed Notice, as drafted, does advise prospective plaintiffs that they may be required to participate in discovery and any trial of this action. (Proposed Notice 2.) Accordingly, defendants' objections are without merit.

Finally, defendants argue that the scope of the proposed class of plaintiffs is too broad because plaintiffs seek to include all "hourly non-exempt employees" either currently or formerly

employed by defendants in the three years prior to the filing of the Complaint. (Proposed Order ¶ 2.) Defendants argue that the class of plaintiffs should be limited to "kitchen workers" since those are the positions held by the named plaintiffs. (Def. Mem. of Law in Opp'n 12.) However, other FLSA cases involving restaurant employees have collectively certified classes in the manner proposed by plaintiffs. See, e.g., Garcia v. Pancho Villa's of Huntington Vill., Inc., 678 F. Supp. 2d 89, 92 (E.D.N.Y. 2010) (approving collective certification of current and former restaurant employees who "assisted in the preparation and service of food and drinks; cleaned the restaurant, including washing dishes; assisted in the organization and unloading of food and drink deliveries; and, performed general maintenance around the restaurant"); Realite v. Ark Rests. Corp., 7 F. Supp. 2d 303, 303-05 (S.D.N.Y. 1998) (granting conditional certification for all "hourly paid, non-managerial employees," which included waiters, porters, dishwashers, cooks, backwaiters, bartenders, runners, pizza makers, busboys and security guards). Accordingly, the Court finds defendants' objections to the scope of the proposed class without merit.

Based on the foregoing, plaintiffs' proposed Notice of Collective Action and Consent to Become a Party Plaintiff Form is approved, subject to the modifications discussed above, and plaintiffs are authorized to circulate the Notice to all current and former "non-exempt hourly employees" who have been employed by defendants within three years prior to the filing of the Complaint in this action. Plaintiffs are further authorized to post the Notice at defendants' business locations. See, e.g., Malloy v. Richard Fleischman & Assoc. Inc., No. 09 Civ. 322, 2009 U.S. Dist. LEXIS 51790, at *11 (S.D.N.Y. June 3, 2009) (requiring defendant to post the notice of pendency "in each workplace where potential collective action members are

employed"); Soler, 86 F.R.D. at 531 (authorizing plaintiffs to post and mail their notice of pendency).

V.      Plaintiffs' Request for the Production of Names, Addresses and Telephone Numbers

Plaintiffs also seek an order requiring defendants to produce, in computerized spreadsheet form, "the name, last known mailing address, telephone number, and dates of employment of each putative party plaintiff to facilitate the distribution of notices." (Pl. Mem. of Law 8.) "Courts often grant this kind of request in connection with a conditional certification of an FLSA collective action, and this Court concludes such a request is appropriate in this case." Cano, 2009 U.S. Dist. LEXIS 7780, at *35 (collecting cases). Accordingly, defendants are directed to provide the requested information to the plaintiffs within ten (10) days of the date of this Order.

CONCLUSION

For the foregoing reasons, plaintiffs' motion to for conditional authorization to proceed as a collective action is granted. Defendants are directed to provide plaintiffs, within ten (10) days of the date of this Order, and in computerized spreadsheet form, with the names, last known mailing addresses, telephone numbers and dates of employment of those individuals who may be potential plaintiffs in this action. Plaintiffs' proposed Notice of Collective Action and Consent to Become a Party Plaintiff form is hereby approved, subject to the modifications discussed herein. Finally, plaintiffs are authorized to circulate their Notice of Collective Action and Consent to Become a Party Plaintiff form to all current and former non-exempt hourly employees of defendants who have been employed within three years prior to the commencement of the

-14-

within action.  Plaintiffs are further authorized to post the Notice at defendants' business locations.

The oral argument scheduled for November 1, 2012 is canceled.

**SO ORDERED:**

Dated: Central Islip, New York
September 25, 2012

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge
